# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TYRONE HAMPTON,<br><br>                Plaintiff,<br><br>    v.<br><br>MATTHEW M. SCOBLE,<br><br>                Defendant. | Case No. 3:23-cv-00258-SLG |

## ORDER OF DISMISSAL

On November 8, 2023, self-represented prisoner Tyrone Hampton ("Plaintiff") filed a civil complaint, a civil cover sheet, and several printouts from the Court's electronic docket.[1] The Court takes judicial notice[2] that Plaintiff is a criminal defendant in *U.S.A. v. Holyfield, et al.,* Case No. 3:22-cr-00084-JMK-MMS.[3] Plaintiff claims Chief U.S. Magistrate Judge Matthew M. Scoble's actions in Plaintiff's ongoing criminal prosecution violated his due process rights.[4] For relief, Plaintiff requests $500 in damages, $500 in punitive damages, an order requiring Magistrate Judge Scoble to recuse himself from the criminal case, and a

---

[1] Dockets 1-2.

[2] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (11th ed. 2019). *See also* Fed. R. Evid. 201 (a court can take judicial notice of its own files and records).

[3] *See U.S.A. v. Holyfield, et al.,* 3:22-cr-00084-JMK-MMS-2, Defendant (2): Tyrone Hampton.

[4] Docket 1 at 3-4.

declaration that prohibits all magistrate judge's from disobeying a District Judge's Orders.[5]

In order to properly commence a civil action, a litigant must file a complaint, a civil cover sheet, and either pay the filing fee of $405.00, or file an application to waive prepayment of the filing fee.[6] Prisoner litigants requesting to waive prepayment of the filing fee must include a statement from their prison trust account for the past six months.[7] Plaintiff has not filed either the filing fee or the application to waive prepayment of the fee. Therefore, this civil action is deficient.

Ordinarily, the Court would the Court would grant Plaintiff 30 days to cure the deficiency. However, Plaintiff cannot maintain a suit against a magistrate judge based on actions performed in his judicial capacity. "Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts."[8] Further, Plaintiff's disagreement with Judge Scoble's court orders does not present

---

[5] Docket 1 at 9.

[6] Local Civil Rule 3.1.

[7] Local Civil Rule 3.1(c)(3).

[8] *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (citations omitted); *see also Lund v. Cowan,* 5 F.4th 964, 970 (9th Cir. 2021), *cert. denied,* 142 S. Ct. 900 (2022) ("It is well settled that judges are generally immune from suit for money damages." (internal quotation marks and citation omitted)); *Reynaga Hernandez v. Skinner,* 969 F.3d 930, 937 n.1 (9th Cir. 2020) ("Judges are also entitled to absolute immunity from damages suits."); *Brown v. Cal. Dep't of Corr.,* 554 F.3d 747, 750 (9th Cir. 2009) (absolute immunity is generally accorded to judges functioning in their official capacities).

Case No. 3:23-cv-00258-SLG, *Hampton v. Scoble*
Order of Dismissal
Page 2 of 3
Case 3:23-cv-00258-SLG   Document 3   Filed 12/15/23   Page 2 of 3

proper grounds for his recusal; and, in any event, a recusal request must be raised in the criminal case, not in a Section 1983 action.[9]

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED with prejudice**.

2. All pending motions are **DENIED AS MOOT.**

3. The Clerk of Court shall issue a final judgment.

DATED this 15th day of December, 2023 at Anchorage, Alaska.

                                        */s/ Sharon L. Gleason*
                                        UNITED STATES DISTRICT JUDGE

---

[9] *Leslie v. Grupo ICA,* 198 F.3d 1152, 1160 (9th Cir. 1999) ("[Plaintiff's] allegations stem entirely from the district judge's adverse rulings. That is not an adequate basis for recusal.") (citations omitted).

Case No. 3:23-cv-00258-SLG, *Hampton v. Scoble*
Order of Dismissal
Page 3 of 3
Case 3:23-cv-00258-SLG   Document 3   Filed 12/15/23   Page 3 of 3